## STATE of Vermont v. Gary CHESTER

[587 A.2d 1008]

No. 88-074

January 29, 1991. This is a companion case to *State v. Kirchoff*, 156 Vt. 1, 587 A.2d 988 (1991), and is here on interlocutory appeal to answer whether the Vermont Constitution allows "police officers to make a warrantless entry onto land not immediately surrounding the house of a defendant" to search for marijuana plants. The plants found during the police search of defendant's land were located in fields which were cleared to accommodate and seclude the marijuana plants. They were located by walking on the land and by an aerial overflight of the land. The parties stipulated that none of the police officers who walked on the land encountered "any barricades, no-trespassing signs, land posted signs or any other indicia of posting on the property."

*Kirchoff* holds that the State must have a warrant to enter land when it is apparent to a reasonable person that the owner or occupant intends to exclude the public. *Id.* at 10, 587 A.2d at 994. This standard is intended to define instances where a landowner's expectation of privacy in an area is reasonable or legitimate. *Id.* at 11, 587 A.2d at 995. The State has the burden to show that a warrantless search was authorized under this standard. *Id.* at 13, 587 A.2d at 996.

In this case, there were no barriers to entry to indicate defendant's intent to exclude the public. Where land is left unimproved and unbounded, the owner or occupant has not taken sufficient steps to exclude the public to trigger the protection of Chapter I, Article 11 of the Vermont Constitution. Cf. *State v. Dixson/Digby*, 307 Or. 195, 211–12, 766 P.2d 1015, 1024 (1988) (rejecting per se "open fields"

doctrine under Oregon constitution). On the stipulated facts, the State has met its burden to justify the warrantless search that occurred in this case.

*The certified question is answered in the affirmative.*

Peck, J., concurred in the result only.